# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Shelondia Winston,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Credit Protection Association, L.P.<br>c/o The Corporation Company<br>30600 Telegraph Road<br>Bingham Farms, MI 48025,<br><br>　　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Defendant is a corporation with its principal office in the State of Texas.

5- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

6- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

7- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

8- In 2010, Defendant communicated with Plaintiff to collect a debt owed to Charter Communications, which Plaintiff disputed as not hers.

1

9- On or around July 2, 2010, Defendant sent Plaintiff a letter stating that the account would be closed and Plaintiff would not be responsible for the debt.

10- Despite the foregoing, on June 14, 2011, Defendant sent a letter to Plaintiff to collect on the same account owed to Charter Communications.

11- Despite the foregoing, on July 5, 2011, Defendant sent a letter to Plaintiff to collect on the same account owed to Charter Communications.

12- In this letter, Defendant threatened to report the debt to the national credit bureaus if the debt was not paid.

13- At the time of this letter, Defendant knew or should have known that the debt it was trying to collect was not Plaintiff's.

14- Upon information and belief, the debt was reported to the national credit bureaus.

15- Defendant violated the FDCPA.

16- Defendant damaged Plaintiff.

## COUNT I

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT II

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(8) by threatening to report the debt to the national credit bureaus despite knowing that the debt did not belong to Plaintiff.

## COUNT III

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant could not legally take.

## COUNT IV

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT V

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT VI

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

29- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*